UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| HAROLD A. HAGGERTY, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:12-CV-006 PS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

On December 13, 2010, Harold A. Haggerty, III, was found guilty of Assault/battery upon another person, with a weapon or inflicting serious bodily injury in violation of A-102 by the Westville Correctional Facility Prison Disciplinary Hearing Body (DHB) in case WCC 10-12-0085. After appealing, his sanction was reduced to the loss of 60 days earned credit time, 42 days loss of commissary, and one year in segregation.

Haggerty seeks habeas relief and he lists four grounds on his petition.[1] First, he argues that there was no weapon involved nor mentioned. Second, he argues that the victim did not suffer any serious injuries. Third, he argues that the victim did not say that Haggerty harmed him. Though listed separately, all of these arguments amount to a single claim that the evidence was insufficient to find him guilty. In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence,

---

[1] Haggerty alleges that there were a number of prison policy violations, but "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (quotations marks and citation omitted). Even a conduct report alone can provide sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Here, the report of Sgt. Godfrey is sufficient to support the finding of guilt. Sgt. Godfrey observed a video of the relevant events and wrote a report describing them. The victim entered his own cell at 8:54 pm. At that time, he was uninjured and his clothing was undamaged. At 8:59 pm, Haggerty and two other inmates enter the cell. At 9:02 pm, the four men exit the cell. The victim "had a torn shirt, a bloody left eye, and holding his bloody mouth." ECF 1-2 at 2.

Haggerty argues that there was no mention of a weapon, but since he was found guilty of assault/battery with a weapon **OR** causing serious bodily injury, the presence of a weapon is not necessary for him to be guilty. Haggerty argues that the victim's injuries were not severe enough to constitute serious bodily injury, but under Indiana law, serious bodily injury includes injuries resulting in extreme pain. Indiana Code § 35-41-1-25(3) ("'Serious bodily injury' means bodily injury . . . that causes . . . extreme pain . . .."). Here, the victim's bloody eye and bloody mouth are some evidence that he suffered extreme pain. Furthermore, "determining where the line should be drawn between the lesser and the greater battery offense in this case is a question of state law. The state of Indiana has the right to determine what constitutes 'serious bodily injury,' and the resolution of this matter does not implicate the federal Constitution. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002)." *Calligan v. Wilson*, 362 Fed. Appx. 543, 545 (7th Cir. 2009).

Haggerty's third sufficiency argument is that the victim did not say that Haggerty harmed him. This argument is nearly identical to the unsuccessful one presented in *Hill* where the United States Supreme Court found that disciplinary action was warranted against an inmate who was one of three seen fleeing from the scene of an assault even though the victim denied that the accused had assaulted him. *Id.*, 472 U.S. at 456-57. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. Because there is some evidence that Haggerty committed the charged violation, habeas corpus relief if not available on any of his first three grounds.

Finally, Haggerty argues that he was denied the right to obtain a statement from the victim. Though an accused inmate has the right to present relevant, exculpatory evidence, *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), here Haggerty waived that right when he was screened. *See Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997) ("The law of this circuit does not entitle a prisoner to wait until the day of his hearing to request to call witnesses."). On the screening report, Haggerty indicated that "I do not wish to call any witnesses." ECF 1-2 at 6. Therefore he was not denied due process when the DHB found him guilty without attempting to obtain a statement from the victim.

For the foregoing reasons, the petition for a writ of habeas corpus is **DISMISSED** pursuant to Section 2254 Habeas Corpus Rule 4.

**SO ORDERED**.

ENTERED: January 12, 2012

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3